IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| CARMELA JACKSON,<br><br>    Plaintiff,<br><br>vs.<br><br>JOHNNY DEPP,<br><br>    Defendant. | Case No. 24-cv-00199-DKW-WRP<br><br>**ORDER DISMISSING CASE**[1] |

On April 30, 2024, Plaintiff Carmela Lynn Jackson, proceeding *pro se*, filed a Complaint against Defendant Johnny Christopher Depp, alleging that Depp "helped his Brother 'William Brad Pitt' (Tom) steal my entire life" and requesting that the Court "Remove Johnny Christopher Depp from My Energy and Return all of 'MY ASSETS[.]'" Dkt. No. 1 at 5–6. That same day, Jackson also filed an application to proceed *in forma pauperis* ("IFP Application"). Dkt. No. 2.

On May 2, 2024, the Court issued an Order determining that Jackson had the financial means to pay the $405 filing fee and denying her IFP Application on those grounds. Dkt. No. 4. Therein, Jackson was specifically cautioned that should she fail to remit the required fee by May 17, 2024, her case would be dismissed without prejudice or further notice. *Id.* at 2. That deadline has now

---

[1] Pursuant to Local Rule 7.1(c), the Court finds this matter suitable for disposition without a hearing.

passed, and no filing fee has been received. Accordingly, as indicated in the Court's May 2, 2024 Order and more fully explained herein, this case is DISMISSED without prejudice.

Federal courts have the authority to dismiss cases for failure to prosecute or failure to comply with court orders. *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992)). In doing so, the Court must weigh five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Id.* Here, after careful consideration of each factor, the Court finds that this case should be dismissed without prejudice.

First, without payment of the filing fee, this case cannot proceed. *See* 28 U.S.C. § 1914(a). Jackson's failure to make payment, as instructed, has delayed resolution of this case on the merits and hindered the public's interest in the expeditious resolution of litigation. Accordingly, this factor favors dismissal. *See Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("the public's interest in expeditious resolution of litigation always favors dismissal.").

Second, Jackson's failure to remit the filing fee impedes the Court's ability to manage its docket. Put simply, the Court cannot manage its docket where

litigants such as Jackson fail to timely respond to the Court's instructions and orders. Therefore, this factor also favors dismissal.

Third, Jackson's failure to pay the filing fee in a timely manner risks prejudice to Defendant Depp. The Ninth Circuit has explained that in evaluating this factor, the risk of prejudice is related to the plaintiff's reason for failing to prosecute an action. *Pagtalunan*, 291 F.3d at 642 (citing *Yourish*, 292 F.3d at 991). Here, despite the Court's specific explanations and instructions, Jackson has failed to pay the filing fee, request an extension, or provide any excuse or rationale for her failure to do so. Given her unreasonable delay, this factor weighs in favor of dismissal. *See id.* at 643.

Fourth, the Court has already provided Jackson with less drastic alternatives to no avail. Specifically, the Court's May 2, 2024 Order explicitly informed Jackson that she was required to pay the $405 filing fee and advised that her failure to do so by the May 17, 2024 deadline would result in the automatic dismissal of her case. Dkt. No. 4 at 2. Nevertheless, Jackson failed to comply. Consequently, this factor also favors dismissal. *See Ferdik*, 963 F.2d at 1262 (explaining "a district court's warning to a party that his failure to obey the court's order will result in dismissal can satisfy the 'consideration of alternatives' requirement." (citations omitted)).

Finally, as public policy favors disposing of cases on their merits, this factor weighs against dismissal. *Pagtalunan*, 291 F.3d at 643.

In sum, because four out of five factors favor dismissal, this case is DISMISSED WITHOUT PREJUDICE for failure to remit the filing fee pursuant to the Court's May 2, 2024 Order. *See Ferdik*, 963 F.2d at 1263 (finding dismissal warranted where three out of five factors weighed in favor of dismissal); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 133 n.2 (9th Cir. 1987) (finding that where the other four factors favor dismissal, they are not outweighed by public policy favoring the resolution of cases on their merits); *see also Ash v. Cvetkov*, 739 F.2d 493, 497 (9th Cir. 1984) ("dismissal without prejudice is a more easily justified sanction for failure to prosecute.").

The Clerk of Court is instructed to CLOSE this case.

IT IS SO ORDERED.

DATED: May 23, 2024 at Honolulu, Hawai‘i.



Derrick K. Watson
Chief United States District Judge

---

*Carmela Jackson vs. Johnny Depp*; Civil No. 24-00199 DKW-WRP; **ORDER DISMISSING CASE**